THIRD DEPARTMENT, JUNE, 1986

(June 5, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PERLMAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered February 10, 1982, upon a verdict convicting defendant of the crime of official misconduct.

Defendant's wife had been charged with harassment of a newspaper reporter following a meeting of the Village Board of the Village of Pine Hill in Ulster County. Several persons present at that meeting, including Village Clerk Margaret Lloyd, were subpoenaed by the prosecutor to testify at the trial in Town of Shandaken Justice Court. Defendant is alleged to have told Lloyd to pretend that she had heard nothing at the meeting and to have threatened to fire her if she testified. Count three of the five-count indictment charged defendant with the crime of official misconduct (Penal Law § 195.00) by attempting to influence Lloyd's testimony through the use of his official capacity as Mayor of the Village.* Lloyd appeared but did not testify at the trial of defendant's wife and was subsequently removed from her position as Village Clerk.

Defendant first contends that the alleged threat was not an exercise of an official function within the meaning of Penal Law § 195.00. We disagree. Verbal expressions constitute acts just as do physical movements. Defendant spoke in his capacity as Mayor to a subordinate, expressing the threat of loss of her job if she testified against his wife. In addition, he solicited support from other Board members. These expressions constituted an unauthorized exercise of his official functions as Mayor.

Defendant further urges that the evidence was insufficient to support the verdict. A fair reading of the record belies this argument. The conflicts and contradicting testimony merely presented an issue of credibility which the jury resolved against defendant.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.

---

* County Court dismissed count one (third degree perjury) upon motion. The jury acquitted defendant of count two (official misconduct) and counts four and five (tampering with a witness).